# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BARAJAS CERDA, | Case No. CV 12-6535 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | |
| Defendant. | |

Jesus Barajas Cerda ("Plaintiff") challenges the Social Security Commissioner's decision denying his applications for disability and supplemental security benefits. Specifically, Plaintiff contends, among other things, that the Administrative Law Judge ("ALJ") improperly rejected the opinion of his treating physicians, Drs. Thomas Grogan, M.D., and Stanley Katz, M.D. (Joint Stip. at 4-5, 11-16, 20-21.) The Court agrees with Plaintiff for the reasons stated below.

/ / /

/ / /

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

      A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (citation omitted). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).

      B.    <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting the Opinions of Drs. Grogan and Katz</u>

          1.    <u>Dr. Grogan</u>

Here, the ALJ provided three reasons for rejecting the opinions of Dr. Grogan, but failed to provide specific and legitimate reasons for doing so. (*See* Administrative Record ("AR") at 21-22.)

First, the ALJ noted that Dr. Grogan "found the same exertional limitations on November 19, 2009 and April 7, 2010" and, presumably, that his findings were suspect as a result. (*Id.* at 21.) However, the Physical Capacities Evaluations completed by Dr. Grogan during Plaintiff's examination on November 19, 2009 and April 7, 2010 were not identical by any means, and appear to diverge after section IV of the form. On November 19, 2009, for example, Dr. Grogan found that Plaintiff was not limited in his ability to use his feet for leg controls, (*id.* at 296), but

1  on April 7, 2010, Dr. Grogan found that Plaintiff could not use his feet in this way.
2  (*Id.* at 291.)  In addition, on November 19, 2009, Dr. Grogan found that Plaintiff
3  could occasionally bend, squat, crawl, climb, and reach.  (*Id.* at 296.)  However, on
4  April 7, 2010, Dr. Grogan reported that Plaintiff could occasionally bend and reach,
5  but could never squat, crawl, or climb.  (*Id.* at 291.)  The fact that some of the
6  categories reported in the evaluations remained unchanged over the course of
7  treatment, while some limitations reportedly worsened, is not an indication that Dr.
8  Grogan's findings are suspect.  Rather, the consistency in these categories indicates
9  that Plaintiff's condition did not improve.  Accordingly, this is not a legitimate
10 reason for rejecting the treating physician's opinion.
11       Second, the ALJ found that the opinions of Dr. Grogan are "based on little
12 supporting evidence" and are "not supported by objective evidence." (*Id.* at 21, 22.)
13 However, Dr. Grogan's opinions are based on his face-to-face treatment of Plaintiff,
14 including physical examination, and results of an MRI.  (*Id.* at 282-83, 290.)  Thus,
15 this too is an insufficient reason to reject Dr. Grogan's opinions.
16       Finally, the ALJ rejected Dr. Grogan's opinions because he offered a
17 conclusion as to Plaintiff's disability, which is an issue reserved to the ALJ.  (AR at
18 22.)  It is true that a treating physician's statement on an issue reserved to the
19 Commissioner, such as the ultimate determination of whether a claimant is disabled,
20 is not binding on the ALJ or entitled to special weight.  *See McLeod v. Astrue*, 640
21 F.3d 881, 885 (9th Cir. 2011); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir.
22 2005).  However, the fact that a treating physician rendered an opinion on the
23 ultimate issue of disability does not relieve the Commissioner of the obligation to
24 state specific and legitimate reasons supported by substantial evidence for rejecting
25 the balance of a treating physician's opinion.  *Reddick v. Chater*, 157 F.3d 715, 725
26 (9th Cir. 1998); *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993).  This reason,
27 therefore, was insufficient to reject the opinions of Dr. Grogan.
28 / / /

### 2. Dr. Katz

As for Dr. Katz, the ALJ never specifically addressed his findings. While the ALJ cites some of Dr. Katz's treatment records throughout the opinion, (AR at 20, 21), she never specifically addresses the weight, if any, that his findings are afforded. Notably, Dr. Katz's treatment notes, particularly those from Plaintiff's treatment in 2009, support a finding of significant spinal impairments and are consistent with the findings of Dr. Grogan. The ALJ erred in failing to provide any reasons for rejecting Dr. Katz's findings.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited the opinions of Drs. Grogan and Katz. The Court therefore concludes that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the opinions of Drs. Grogan and Katz must be properly assessed. Therefore, on remand, the ALJ shall reevaluate the treating source opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

/ / /

/ / /

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: August 27, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 5-15, 20-22.)

5